By the Court.—Sedgwick, Ch. J.
This was an action to enjoin the defendants from maintaining and operating their railway in front of plaintiffs, premises and for damages.
The only exceptions to be considered are those taken to the admission of the following questions; “ what in your opinion would be the rental value of those premises, No. 97 Pearl street, to-day, if there were no elevated railroad in front of them? and, what in your opinion would be the value of those premises if there were no elevated railroad in front of them ? ”
Before the decision of McGean v. Manhattan Ry. Co. in the court of appeals, it was generally supposed that such questions were admissible under the general rule given by Greenleaf, § 440a, “ as to the marketable condition and value of property, etc., opinions are received. Section 440 gives a pertinent case. A secretary of a fire insurance company accustomed to examine buildings with reference to the insurance of them, and who, as county commissioner, had frequently estimated damages occasioned by the laying out of railroads and highways, has *443 been held competent to testify his opinion as to the effect of laying a railroad within a certain distance of a building upon the value of the rent, etc.”
In Clark v. Baird, 9 N. Y. 183, in an action for false representations, in defendant’s saying that land bought of him by the plaintiff extended to a described distance, it was held, that the testimony was valid, of a witness who swore that the land was worth $1,000 if it extended to the mill-race and trees. The strip taken off would reduce it one-fourth. This testimony had been objected to on the ground that the amount of damage cannot be ascertained by the opinion of the witness. Judge Johnson examined many cases, and among them cases that had maintained that it was a sufficient objection to such testimony, that the thing testified to was a matter that should be determined by the jury or judge. The rule was announced that the opinion of a witness, who has seen the thing in question and is acquainted with similar things, is not incompetent to be submitted to a jury.
Professor Chase in his edition of Stephens’ Dig. Ev. in Yol. 2, p. 102, gives an important list of cases on this subject.
In the case of McGrean (supra), the court of appeals has held that specific objections, like those taken in this case to like questions, did not apprise the court that defendants meant to object, on the ground, that the question called for what the judge was to determine upon the other testimony in the case. The objections taken on the trial in the case at bar were, that the questions called for immaterial and incompetent testimony; that the witness was not competent to give an opinion, and that the question was hypothetical. The questions were not objectionable, therefore, on any ground taken at the trial.
The judgment should be affirmed with costs